IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARICRUZ CARAVANTES,

                Plaintiff,                3:13-cv-00355-PK

v.                                          OPINION AND ORDER

STATE OF OREGON, d/b/a OREGON
COMMISSION FOR THE BLIND, and
OREGON INDUSTRIES FOR THE
BLIND,

                Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Maricruz Caravantes filed this action against defendants State of Oregon, doing business as the Oregon Commission for the Blind ("OCB"), and Oregon Industries for the Blind ("OIB"), alleging that, during her employment with the OCB and OIB, she was subjected to discrimination on the basis of her sex, race, and national origin and was subjected to a hostile

Page 1 - OPINION AND ORDER

work environment on the basis of her race and national origin. Now before the court is defendants' motion to extend the discovery deadline (#40). For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

On March 1, 2013, Caravantes filed the instant action. On that same date, the court entered a scheduling order, which, among other things, set a discovery deadline of July 1, 2013. Discovery and Pretrial Scheduling Order, #2, at 1. Thereafter, the court extended the discovery deadline on five separate occasions, the last being on April 16, 2014, when the court reset the deadline from March 31, 2014, to June 2, 2014. *See* June 21, 2013 Minute Order, #24 (extending the discovery deadline to September 30, 2013); September 6, 2013 Minute Order, #28 (extending the discovery deadline to December 30, 2013); November 6, 2013 Minute Order, #34 (granting the parties' stipulated motion for an extension of time and extending the discovery deadline to February 28, 2014); February 10, 2014 Minute Order, #35 (granting the parties' email request for an additional extension of time and resetting the discovery deadline to March 31, 2014); April 16, 2014 Minute Order, #38 (extending the discovery deadline to June 2, 2014, pursuant to the parties' joint request). On May 14, 2014, defendants filed the instant motion (#40), requesting that the court extend the June 2, 2014 discovery deadline to July 2, 2014. On May 23, 2014, Caravantes filed a resistance (#47).

## ANALYSIS

In the motion, defendants state that, "in recent weeks, [they] have determined through their ongoing investigations that subpoenas of documents from outside parties may lead to the discovery of relevant information—specifically, information regarding whether plaintiff

Page 2 - OPINION AND ORDER

committed fraud or related misconduct in her work at [the] OIB, which is a key issue in this case." Defendants' Motion for Extension of Time, #40, at 2. Defendants further state that they have already prepared and begun to issue third-party subpoenas but may not receive responsive documents before the expiration of the discovery deadline. Accordingly, defendants seek a thirty-day extension of the current deadline. In response, Caravantes argues that defendants have failed to establish good cause warranting an extension of the deadline. Caravantes notes that defendants have long asserted that she committed fraud and, thus, this is not a new issue that defendants recently uncovered. Caravantes argues that defendants have had ample opportunity to conduct discovery related to her alleged fraudulent conduct and defendants have identified no reason why these third-party subpoenas could not have been issued earlier.

Federal Rule of Civil Procedure 16(b) requires district courts to issue a scheduling order in each case, other than those excluded by local rule. The scheduling order must limit the time to "join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once issued, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the good-cause inquiry under Rule 16(b) is whether the party requesting an extension demonstrates that, despite its diligence, the deadline set forth in the scheduling order cannot reasonably be met. Fed. R. Civ. P. 16 advisory committee's note; *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotation mark omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a

Page 3 - OPINION AND ORDER

motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. If the party requesting the modification "was not diligent, the inquiry should end." *Id.*

In this case, defendants have failed to establish good cause warranting modification of the April 16, 2014 scheduling order. Although defendants contend that "in recent weeks" they have determined that certain third parties may have information relevant to whether Caravantes committed fraud, they fail to explain why after nearly a year of discovery and after multiple extensions of the discovery deadline they could not have discovered this information earlier, particularly given that defendants have long asserted as a defense that Caravantes committed fraud. Thus, for the reasons more fully set forth in Caravantes's resistance, I find it appropriate to deny defendants' motion for an extension of the discovery deadline.

## CONCLUSION

In light of the foregoing, defendants' motion for an extension of the discovery deadline (#40) is denied.

Dated this 27th day of May, 2014.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge