IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARICRUZ CARAVANTES,

                Plaintiff,

v.

STATE OF OREGON, d/b/a Oregon
Commission for the Blind, and
OREGON INDUSTRIES FOR THE
BLIND,

                Defendants.

3:13-cv-00355-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Maricruz Caravantes brings this action against defendants State of Oregon, doing business as the Oregon Commission for the Blind ("OCB"), and Oregon Industries for the Blind ("OIB"), alleging that, during her employment with the OIB, she was discriminated against on the basis of her sex, race, and national origin and was subjected to a hostile work environment on the

Page 1 - OPINION AND ORDER

basis of her race and national origin. Now before the court is defendants' motion for leave to amend their answer (#42). For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff filed the instant action on March 1, 2013. *See* Complaint, #1. In her second amended complaint, plaintiff pleads three claims for relief. *See* Second Amended Complaint, #22, ¶¶ 5.1-7.3. Under Count One, plaintiff alleges that defendants discriminated against her on the basis of her sex/pregnancy. *Id.* ¶¶ 5.1-5.3. Under Count Two, plaintiff alleges that defendants discriminated against her on the basis of her race and national origin. *Id.* ¶¶ 6.1-6.3. Finally, under Count Three, plaintiff alleges that she was subjected to a hostile work environment because of her race and national origin. *Id.* ¶¶ 7.1-7.3. On June 26, 2013, defendants filed their answer to the second amended complaint, denying plaintiff's allegations and asserting various affirmative defenses, including fraud and illegality. Answer to Second Amended Complaint, #25.

On May 16, 2014, defendants filed the instant motion for leave to amend their answer, seeking to add the affirmative defense of after-acquired evidence. *See* Defendants' Motion for Leave to Amend, #42, at 2. On May 30, 2014, plaintiff filed a resistance to the motion for leave to amend. *See* Plaintiff's Resistance to Motion for Leave to Amend, #57. On June 13, 2014, defendants filed a reply in support of the motion for leave to amend. *See* Defendants' Reply in Support of Motion for Leave to Amend, #62. The matter is fully submitted and ready for decision.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to

Page 2 - OPINION AND ORDER

amend] when justice so requires." Fed. R. Civ. P. 15(a); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). This policy in favor of amendment is "applied with extreme liberality." *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)) (internal quotation mark omitted). The Ninth Circuit has cautioned that a court may

> decline to grant leave to amend only if there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc."

*Id.* (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

The five relevant considerations—undue delay, bad faith, failure to cure deficiencies by amendments previously allowed, undue prejudice, and futility—are not accorded equal weight. A party's delay in seeking leave to amend, for instance, is relevant but not dispositive. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." (citations omitted)); *see also Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1118 ("'[T]he mere fact that an amendment is offered late in the case . . . is not enough to bar it.'" (second alteration in original) (quoting *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981))). The prejudice suffered by the opposing party, on the other hand, is entitled to the greatest weight. *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117 (quoting *Eminence*

Page 3 - OPINION AND ORDER

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Likewise, a court may deny a motion for leave to amend based solely on the futility of the proposed amendment. *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## DISCUSSION

In this case, defendants seek leave to amend their answer to add the following language: "Following plaintiff's termination, additional evidence has come to light of misconduct of the plaintiff that would have justified her termination. Should the plaintiff succeed on any claim in this matter, her damages should be cut off as of the date the after-acquired evidence was learned." Proposed Amended Answer, #42, at 5. In support of their request, defendants state that, during the course of their ongoing investigation, they have acquired evidence that plaintiff engaged in fraud or other misconduct during her employment with the OIB. Defendants do not identify what evidence they have discovered or whether the evidence relates to the same misconduct that served as the purported basis of plaintiff's termination from the OIB on September 19, 2012. Defendants state only that they recently became aware of the evidence, primarily through the depositions of Denver Orozco and Cesar Sauceda in March 2014 and through their expert, who they hired in April 2014 to analyze financial and other information.

In response, plaintiff first argues that the court should deny defendants' request because defendants delayed in seeking leave to amend. Specifically, plaintiff notes that defendants have long maintained that plaintiff engaged in fraud and she contends that they offer no reason why they only recently decided "that it is necessary to assert an additional affirmative defense based on the same factual circumstances that have been known by the parties for the duration of the

litigation." Plaintiff's Resistance to Motion for Leave to Amend, #57, at 3. Second, plaintiff argues that defendants' proposed amendment is futile because the doctrine of after-acquired evidence applies only where an employer learns of misconduct after a wrongful termination. In this case, plaintiff contends that defendants purportedly fired plaintiff for the very fraud that underlies their after-acquired-evidence affirmative defense, and, thus, the defense is inapplicable. Third, plaintiff argues that, if this new evidence relates to some other, previously unasserted fraud or misconduct, she will be unduly prejudiced by the amendment. Plaintiff notes that defendants filed their motion for leave to amend on the eve of the discovery deadline and, if the affirmative defense relates to previously unasserted misconduct, she would either be prevented "from conducting any discovery of her own on the issue or it would significantly delay the proceedings." *Id.* at 5. Accordingly, plaintiff maintains that defendants should not be allowed to amend their answer to add the affirmative defense of after-acquired evidence.

In light of the policy in favor of amendment and after considering the relevant factors, I find that defendants are entitled to amend their answer as proposed. First, I find that defendants did not delay in seeking leave to amend. Defendants note that their proposed affirmative defense is based on information discovered during the depositions of Sauceda and Orozco in March 2014 and on their expert's analysis of financial information in April 2014. *See* Second Declaration of Tracy J. White, #63, ¶¶ 2-3. Defendants filed their motion on May 16, 2014. Thus, there is no evidence of delay.

Second, although plaintiff suggests that the doctrine of after-acquired evidence is inapplicable, I am not convinced that defendants cannot establish the defense. "'[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings

Page 5 - OPINION AND ORDER

that would constitute a valid and sufficient claim or defense.'" *Nguyen v. Saxon Mortg. Servs., Inc.*, No. CV-10-353-HZ, 2011 WL 2600998, at *5 (D. Or. June 30, 2011) (alteration in original) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "The 'after-acquired evidence' doctrine precludes or limits an employee from receiving remedies for wrongful discharge if the employer later 'discovers' evidence of wrongdoing that would have led to the employee's termination had the employer known of the misconduct." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1070-71 (9th Cir. 2004) (citing *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360-63 (1995)); *see also O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759 (9th Cir. 1996) (discussing the doctrine of after-acquired evidence in the context of employment-discrimination cases). Here, it is not clear whether defendants have merely found further evidence to support their earlier allegation that plaintiff committed timesheet fraud or whether defendants have found evidence of a different fraud plaintiff committed. If it is the latter, then this would be appear to be the very type of situation in which the doctrine of after-acquired evidence may apply. If it is the former, then the doctrine could still apply. Specifically, if the jury were to find that defendants' proffered reason for plaintiff's termination—that is, that she committed timecard fraud—was a pretext for discrimination, the jury might nevertheless find that the after-acquired evidence of timecard fraud was so overwhelming that defendants would have terminated plaintiff even absent their discriminatory intent. Accordingly, I find that the proposed amendment is not barred on the basis of futility.

Finally, I do not find that plaintiff is unduly prejudiced by the amendment. In their answer to the second amended complaint, defendants assert the affirmative defenses of fraud and illegality. Thus, plaintiff has been aware for some time that defendants intend to rely on

evidence of plaintiff's alleged fraudulent activities. Furthermore, defendants claim that they learned of the fraud underlying their after-acquired-evidence affirmative defense during the depositions of Sauceda and Orozco—depositions that plaintiff's counsel presumably attended. Defendants further claim that this evidence also came to light during their expert's analysis of financial information. As defendants note in their reply brief, plaintiff "will still have the opportunity to obtain discovery regarding the expert (assuming defendants decide to present the expert's testimony at trial) pursuant to the expert disclosure and deposition rules." Defendants' Reply in Support of Motion for Leave to Amend, #62, at 4. Finally, if plaintiff believes further discovery is warranted on this limited issue, I will consider a request to reopen discovery, provided that plaintiff demonstrates good cause for doing so.

Thus, consistent with the foregoing, I find that defendants are entitled to amend their answer to add the affirmative defense of after-acquired evidence.

## CONCLUSION

For the reasons set forth above, defendants' motion for leave to amend their answer (#42) is granted. Defendants shall promptly file their amended answer.

Dated this 22nd day of August, 2014.

Honorable Paul Papak
United States Magistrate Judge