IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARICRUZ CARAVANTES,

                Plaintiff,           3:13-cv-00355-PK

v.                                   OPINION AND ORDER

STATE OF OREGON, d/b/a Oregon
Commission for the Blind, and
OREGON INDUSTRIES FOR THE
BLIND,

                Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Maricruz Caravantes brings this action against defendants State of Oregon, doing business as the Oregon Commission for the Blind ("OCB"), and the Oregon Industries for the Blind ("OIB"), alleging that, during her employment with the OIB, she was discriminated against on the basis of her sex, race, and national origin and was subjected to a hostile work environment

Page 1 - OPINION AND ORDER

on the basis of her race and national origin. Now before the court are plaintiff's motion to quash and for a protective order (#45), third-party Denver Orozco's motion to quash (#50), and third-party Cesar Sauceda's motion to quash (#52). For the reasons set forth below, plaintiff's motion to quash and for a protective order is granted in part and denied as moot in part and third-party Orozco's motion to quash and third-party Sauceda's motion to quash are granted.

## BACKGROUND

Plaintiff worked for the OIB from 2004 to September 19, 2012, when she was terminated. Plaintiff alleges that, during her employment with the OIB, she was discriminated against on the basis of her pregnancy, race, and national origin. Defendants deny that they discriminated against plaintiff and allege that they terminated her because she committed timecard fraud; specifically, defendants contend that plaintiff misrepresented the hours worked by OIB employees Orozco and Sauceda.

Plaintiff filed the instant action on March 1, 2013. *See* Complaint, #1. On August 22, 2014, defendants filed their amended answer to the second amended complaint, denying plaintiff's allegations and asserting various affirmative defenses, including fraud, illegality, and the doctrine of after-acquired evidence. Amended Answer to Second Amended Complaint, #88.

After plaintiff filed the complaint, the court entered its standard scheduling order, which, among other things, set a discovery deadline of July 1, 2013. Discovery and Pretrial Scheduling Order, #2, at 1. Thereafter, the court extended the discovery deadline on five separate occasions, the last being on April 16, 2014, when the court reset the deadline from March 31, 2014, to June 2, 2014. *See* June 21, 2013 Minute Order, #24; September 6, 2013 Minute Order, #28; November 6, 2013 Minute Order, #34; February 10, 2014 Minute Order, #35; April 16, 2014

Minute Order, #38. On May 27, 2014, the court denied defendants' motion to extend the discovery deadline for a sixth time, finding that defendants had not established good cause warranting modification of the June 2, 2014 discovery deadline. May 27, 2014 Opinion and Order, #49.

Meanwhile, in May 2014, plaintiff received notice that defendants intended to serve twenty-two subpoena duces tecum on various nonparties, including financial institutions and phone companies. Second Declaration of Kathryn Kuhlenberg ("Second Kuhlenberg Decl."), #65, ¶¶ 4-10; *see also* Ex. 1, Second Kuhlenberg Decl., #65-1, at 1-160. Specifically, the subpoenas commanded production of: (1) all checking and saving account records from July 2008 to September 2012 for plaintiff; (2) all checking and saving account records from July 2008 to September 2012 for Orozco; (3) all checking and saving account records from August 2008 to September 2012 for Sauceda; (4) all phone and billing records from January 1, 2008, to December 31, 2011, for plaintiff; (5) all phone and billing records from January 1, 2008, to December 31, 2011, for Orozco; (6) all phone and billing records from January 1, 2008, to December 31, 2011, for Sauceda; and (7) documents pertaining to any mortgage loans or mortgage-loan applications for plaintiff. *See* Ex. 1, Second Kuhlenberg Decl., #65-1, at 1-160. While most of the subpoenas called for production between May 30, 2014, and June 2, 2014, three of the subpoenas called for production after the discovery deadline.[1] Second Kuhlenberg Decl., #65, ¶ 5.

On May 19, 2014, plaintiff filed a motion to quash and for a productive order, requesting

---

[1] It is not clear whether these subpoenas were ever served or whether defendants amended the deadline for production before serving them.

Page 3 - OPINION AND ORDER

that the court quash the subpoenas commanding production of plaintiff's checking and saving account records and seeking a protective order "that prevents discovery on those topics." Plaintiff's Motion to Quash and for Protective Order, #45, at 8. On May 28, 2014, plaintiff's counsel filed a motion to quash on behalf of third-party Orozco, requesting that the court quash the subpoenas commanding production of his financial and phone records. *See* Orozco's Motion to Quash, #50. That same date, plaintiff's counsel filed a motion to quash on behalf of third-party Sauceda, requesting that the court quash the subpoenas commanding production of his financial and phone records. *See* Sauceda's Motion to Quash, #52. On June 5, 2014, defendants filed a response in opposition to the motions to quash. *See* Defendants' Resistance to Motions to Quash, #60. Thereafter, the parties requested via email that the court issue a ruling as to all third-party subpoenas, rather than just those subpoenas specifically referenced in the motions to quash. The parties also requested that the court rule on the issue of whether third-party subpoenas are subject to the discovery deadline. On June 13, 2014, plaintiff filed a reply brief, addressing this latter issue. *See* Plaintiff's Reply in Support of Motion to Quash and for Protective Order, #64. The matters are fully submitted and ready for decision.

## LEGAL STANDARDS

### I. Scope of Permissible Discovery Generally

Federal Rule of Civil Procedure 26(b)(1) provides that "any nonprivileged matter that is relevant to any party's claim or defense" is discoverable and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The district courts must limit the frequency or extent of discovery if:

Page 4 - OPINION AND ORDER

>   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>   (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## II. Motion to Quash

Under Federal Rule of Civil Procedure 45, a party may issue a subpoena commanding a nonparty to attend a deposition or to produce documents. *See* Fed. R. Civ. P. 45(a). Subsection (d) grants the district courts authority to quash a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). In determining the propriety of a subpoena, courts consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986); *see also Hampton v. Steen*, No. 2:12-cv-00470-SU, 2014 WL 2949302, at *3 (D. Or. June 27, 2014) (discussing motions to quash). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45 advisory committee's note.

/ / /

### III. Motion for Protective Order

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party resisting discovery or seeking limitations may show "good cause" by demonstrating harm or prejudice that will result from the discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

## DISCUSSION

I will begin by addressing plaintiff's, Orozco's, and Sauceda's motions to quash. Then, pursuant to the parties' email request, I will examine whether Rule 45 subpoenas are subject to the June 2, 2014 discovery deadline. Finally, I will address plaintiff's motion for a protective order.

### I. Motions to Quash

Plaintiff, Orozco, and Sauceda move to quash the third-party subpoenas on the grounds that the subpoenas seek irrelevant and protected information and are unduly burdensome. With regard to relevance, the movants contend that the third-party subpoenas are not reasonably calculated to lead to the discovery of admissible evidence; rather, the movants argue that defendants are merely attempting to engage in a "fishing expedition" on the eve of the discovery deadline. Plaintiff's Motion to Quash and for Protective Order, #45, at 5.

Defendants respond that the subpoenaed documents are relevant to the defenses asserted in their amended answer to the second amended complaint. Specifically, defendants argue that their "investigation has led them to believe there may be information in the bank and telephone records of plaintiff, Orozco, and Sauceda that would tend to establish fraud or other misconduct

Page 6 - OPINION AND ORDER

during their employment with [the OIB]." Defendants' Resistance to Motions to Quash, #60, at 5. Defendants argue that the financial records "may show (among other things) financial transactions revealing fraud and/or collaboration among these individuals" and the phone records "may show (among other things) communications by and among these individuals at times and locations relevant to the fraud allegations." Declaration of Tracy J. White, #61, ¶ 3.

I am not persuaded that the subpoenas at issue are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff was purportedly terminated from her employment with the OIB because she engaged in timecard fraud; specifically, defendants contend that she misrepresented the hours worked by Orozco and Sauceda, resulting in overpayment of wages. While defendants vaguely suggest that the subpoenaed records may contain evidence of collaboration between plaintiff, Orozco, and Sauceda or other evidence of fraud, the movants aptly note that defendants have made no effort to narrow the scope of the discovery requests to reflect this limited purpose. Indeed, defendants seek "unfettered access," *Smith v. Hillshire Brands*, No. 13-2605-CM, 2014 WL 2804188, at *4 (D. Kan. June 20, 2014), to years' worth of financial and phone records. While I recognize that Rule 26 provides for broad and extensive pretrial discovery, I cannot read the Rule to permit the kind of wholesale inquiry defendants wish to conduct. *See* Fed. R. Civ. P. 26(b)(1) (providing that the relevance standard is satisfied "if the discovery appears *reasonably calculated* to lead to the discovery of admissible evidence" (emphasis added)); *see also Boston Scientific Corp. v. Lee*, Case No. 5:14-mc-80188-BLF-PSG, 2014 WL 3851157, at *4 (N.D. Cal. Aug. 4, 2014) ("Although relevance is broadly construed pursuant to Rule 26, it does have 'ultimate and necessary boundaries.'" (citation omitted)); *Smith*, 2014 WL 2804188, at *4 (finding that the defendant's "extremely broad discovery request for all-

Page 7 - OPINION AND ORDER

inclusive access to [the] plaintiff's social media accounts . . . would permit the defendant 'to cast too wide a net' for relevant information" (citation omitted)).

Because I conclude that the third-party subpoenas are overly broad and not reasonably calculated to lead to the discovery of admissible evidence, I find it appropriate to quash the subpoenas on this basis, and I need not consider plaintiff's arguments that the subpoenas seek protected information and are unduly burdensome.[2]

## II.  Additional Subpoenas

Next, defendants request that I rule on the issue of whether Rule 45 subpoenas are subject to the discovery deadline, so as to "give the parties guidance on whether they may issue subpoenas in the future, even though the discovery deadline has passed." Defendants' Resistance to Motions to Quash, #60, at 4 (emphasis omitted). Defendants contend that Rule 45 subpoenas are not subject to the discovery deadline, as evidenced by Local Rule 16-2(e), which provides:

> Unless otherwise directed by the Court, the following discovery related events must be completed by the completion of discovery date:
>
> (1)  All depositions must be taken, including depositions to preserve testimony for trial.
>
> (2)  All interrogatory or other discovery requests must be answered.

---

[2] In their resistance, defendants argue that plaintiff's counsel improperly filed motions to quash on behalf of Orozco and Sauceda, as there is no indication that plaintiff's counsel actually represents these third parties. I need not address this argument. Even if plaintiff's counsel had no authority to file the motions to quash on behalf of Orozco and Sauceda, I would nevertheless quash the subpoenas commanding production of Orozco's and Sauceda's financial and phone records given my finding that these records are not relevant and, thus, beyond the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1)(C); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.").

Page 8 - OPINION AND ORDER

      (3)      All documents must be produced per request.

      (4)      The Court will not require a response to a discovery request that is made with insufficient time for a party to respond before the completion of discovery date.

      (5)      Completion of discovery does not include expert depositions taken under Fed. R. Civ. P. 26(b)(4)(A).

LR 16-2(e). Defendants argue that, "[s]ince subpoenas to third parties are not included in the list, they are implicitly excluded from the discovery deadline." Defendants' Resistance to Motions to Quash, #60, at 4.

Plaintiff responds that Local Rule 16-2(e) does not omit third-party subpoenas; rather, the rule explicitly provides that "[a]ll documents must be produced per request," LR 16-2(3), by the discovery deadline. Moreover, plaintiff notes that Rule 45 subpoenas clearly constitute discovery, as evidenced by the Rule itself and the advisory committee's notes. Plaintiff further points out that numerous courts have held that Rule 45 subpoenas are subject to the discovery deadline established in a case. See Plaintiff's Reply in Support of Motion to Quash and for Protective Order, #64, at 3-4 (citing cases).

I agree with plaintiff that third-party subpoenas are subject to the June 2, 2014 discovery deadline. Local Rule 16-2(e) broadly states that "[a]ll documents must be produced per request" by the discovery deadline. LR 16-2(e). It is not clear why defendants believe that this language does not apply to a subpoena duces tecum issued pursuant to Rule 45, as such a subpoena is nothing more than a command to produce documents.[3] Moreover, as plaintiff notes, most courts

---

[3] Significantly, defendants point to no other deadline that would apply to Rule 45 subpoenas. Thus, defendants appear to suggest that they may continue serving such subpoenas up until the date of trial. Such a rule would undoubtedly cause the kind of surprise and prejudice that the Federal Rules of Civil Procedure seek to eliminate.

Page 9 - OPINION AND ORDER

that have addressed this issue have concluded that a Rule 45 subpoena "is a discovery device and therefore subject to a scheduling order's general discovery deadlines." *Dhaliwal v. Singh*, No. 1:13-cv-00484-LJO-SKO, 2014 WL 3401384, at *2 (E.D. Cal. July 11, 2014) (quoting *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001)) (internal quotation mark omitted). Thus, for the reasons more fully set forth in plaintiff's reply brief, I find that Rule 45 subpoenas are subject to the June 2, 2014 discovery deadline.

### III.    Motion for Protective Order

Finally, plaintiff requests that the court enter a protective order "that prevents discovery on those topics not relevant to this litigation." Plaintiff's Motion to Quash and for Protective Order, #45, at 8. In light of my finding above that Rule 45 subpoenas are subject to the discovery deadline and in light of the fact that the discovery deadline has passed, plaintiff's request for a protective order is moot.

### CONCLUSION

For the reasons set forth above, plaintiff's motion to quash and for protective order (#45) is granted in part and denied as moot in part and third-party Orozco's motion to quash (#50) and third-party Sauceda's motion to quash (#52) are granted.

Dated this 26th day of August, 2014.

*[signature]*
Honorable Paul Papak
United States Magistrate Judge