IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARICRUZ CARAVANTES,

                Plaintiff,              3:13-cv-00355-PK

v.                                                   OPINION AND ORDER

STATE OF OREGON, d/b/a Oregon
Commission for the Blind, and
OREGON INDUSTRIES FOR THE
BLIND,

                Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Maricruz Caravantes brings this action against defendants State of Oregon, doing business as the Oregon Commission for the Blind ("OCB"), and the Oregon Industries for the Blind ("OIB"), alleging that, during her employment with the OIB, she was discriminated against and was subjected to a hostile work environment. Now before the court is defendants' motion to

Page 1 - OPINION AND ORDER

take a perpetuation deposition of Desiree Paschall (#92). I have reviewed the pleadings, including plaintiff's response to defendants' motion, the declarations of Patrick McGuigan and Joseph Ederer, and the related exhibits. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

Plaintiff worked for the OIB from 2004 to September 19, 2012, when she was terminated. Plaintiff alleges that, during her employment with the OIB, she was discriminated against on the basis of her pregnancy, race, and national origin. Defendants deny that they discriminated against plaintiff and allege that they terminated her because she committed timecard fraud; specifically, defendants contend that plaintiff misrepresented the hours worked by OIB employees Orozco and Sauceda.

Plaintiff filed the instant action on March 1, 2013. *See* Complaint, #1. On August 22, 2014, defendants filed their amended answer to the second amended complaint, denying plaintiff's allegations and asserting various affirmative defenses, including fraud, illegality, and the doctrine of after-acquired evidence. Amended Answer to Second Amended Complaint, #88.

After plaintiff filed the complaint, the court entered its standard scheduling order, which, among other things, set a discovery deadline of July 1, 2013. Discovery and Pretrial Scheduling Order, #2, at 1. Thereafter, the court extended the discovery deadline on five separate occasions, the last being on April 16, 2014, when the court reset the deadline from March 31, 2014, to June 2, 2014. *See* June 21, 2013 Minute Order, #24; September 6, 2013 Minute Order, #28; November 6, 2013 Minute Order, #34; February 10, 2014 Minute Order, #35; April 16, 2014 Minute Order, #38. On May 27, 2014, the court denied defendants' motion to extend the

Page 2 - OPINION AND ORDER

discovery deadline for a sixth time, finding that defendants had not established good cause warranting modification of the June 2, 2014 discovery deadline. May 27, 2014 Opinion and Order, #49.

Defendants filed this motion on December 29, 2014. Plaintiff responded on January 15, 2014. The motion is fully briefed and ready for decision.

## ANALYSIS

Defendants state that their motion "is based on the fact that [their] office recently had contact with Desiree Paschall, the former director for Oregon Industries for the Blind, and learned that Ms. Paschall has a serious health condition which may affect her availability to testify at trial." Def.'s Motion to Take Perpetuation Deposition of Desiree Paschall ("Def.'s Motion"), #92. Defendants offer the declaration of their investigator, Joseph Ederer, in support of their motion. Ederer states that "[o]n December 8, 2014, I spoke with Desiree Paschall. I learned from that conversation that Ms. Paschall had been in the hospital for approximately one month, the month preceding my conversation with her." Decl. of Joseph Ederer, #93, 1. Thereafter, Ederer states, Ms. Paschall was in and out of the hospital due to persistent illness. *Id.* at 1–2. Defendants state that a perpetuation deposition of Ms. Paschall is important "in order to preserve her testimony, as she may be unavailable to testify in person in April 2015." *Id.* at 2. In response, Caravantes argues that defendants have failed to establish good cause warranting an extension of the deadline.

There is no precedent in this Circuit on the issue of whether these types of depositions are "discovery" depositions subject to the limits in the Federal Rules of Civil Procedure ("Rules") or "trial" depositions exempt from those strictures. Authority from other districts is scant and

Page 3 - OPINION AND ORDER

conflicting. *See, e.g., Energex Enterprises, Inc. v. Shughart*, 2006 U.S. Dist. LEXIS 58395 (D. Ariz. 2006) (denying motion to conduct additional depositions); *Integra Lifesciences I, Ltd. v. Merck*, 190 F.R.D. 556, 558 (S.D. Cal. 1999) (same); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D. Col. 2001) (permitting depositions). I find more persuasive the cases holding that these depositions are subject to the limits in the Rules because the Rules do not distinguish between discovery and perpetuation depositions for trial. *Mabrey v. Wizard Fisheries, Inc.*, No. C05–1499L, 2007 WL 1795033, at *2 (W.D. Wash. June 8, 2007).

Federal Rule of Civil Procedure 16(b) requires district courts to issue a scheduling order in each case, other than those excluded by local rule. The scheduling order must limit the time to "join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once issued, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In this case, Caravantes argues that defendants' prior failure to depose Ms. Paschall amounts to a failure to establish good cause warranting modification of the April 16, 2014 scheduling order. Caravantes questions why, after nearly a year of discovery and after multiple extensions of the discovery deadline, defendants could not have deposed Ms. Paschall earlier, particularly given the evidence of record regarding Ms. Paschall's continuous health issues. Decl. of Patrick McGuigan, Deposition of Linda Mock, #73; *see also* Decl. of Desiree Paschall in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, #75. However,

Page 4 - OPINION AND ORDER

the prior depositions to which Caravantes points this court do not clearly outline Ms. Paschall's circumstances or potential unavailability at trial. Those items merely acknowledge and document her ongoing health issues. In contrast, defendants' statements, though brief, reveal that Ms. Paschall has recently been "very sick and weak," that she had "just been released from the hospital," that "soon after her release . . . she had to return," and that defendants were thereafter unable to reach her. Decl. of Joseph Ederer, #93, 2.

Thus, I find that Ms. Paschall's current severe health issues, and her potential unavailability at trial arising therefrom, amount to good cause and I therefore grant defendants' motion to take a perpetuation deposition of Desiree Paschall.

## CONCLUSION

Defendants' motion to take a perpetuation deposition of Desiree Paschall (#92) is granted.

Dated this 26th day of January, 2014.

Paul Papak
Honorable Paul Papak
United States Magistrate Judge